MICHELE M. BETTI, ESQ. (SBN 204939)
LAW OFFICES OF BETTI & ASSOCIATES
1732 Knoll Field Way
Encinitas, CA 92024
Telephone: (760) 500-5451
Facsimile: (760) 454-2204
Email: mbettilaw@gmail.com

Attorneys for Plaintiff
SAMANTHA GERSON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Western Division - Roybal Federal Bldg, 255 East Temple Street, Los Angeles, CA 90012

| Samantha Gerson, | Case No.: 19-5008 |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1.    **CHILDHOOD SEXUAL ABUSE;** |
| | 2.    **NEGLIGENCE;** |
| Logan River Academy dba Maple Rise | 3.    **NEGLIGENT SUPERVISION;** |
| Academy and DOES 1 through 11, | 4.    **NEGLIGENT HIRING/RETENTION;** |
| inclusive, | 5.    **NEGLIGENT FAILURE TO WARN, TRAIN, OR EDUCATE PLAINTIFF** |
| Defendants. | 6.    **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | 7.    **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |
| | 8.    **PUNITIVE DAMAGES** |
| | **[Demand for Jury Trial]** |

Based upon information and belief available to Plaintiff at the time of the filing of this Complaint, Plaintiff makes the following allegations:

<u>PARTIES</u>

1.    Plaintiff SAMANTHA GERSON ("Plaintiff") is and was at all times relevant a citizen of California residing in Los Angeles County, California. Plaintiff was born on July 26, 1993, and is currently 25 years old. Plaintiff was a minor between the ages of 14 to 15 years old at the time the sexual abuse and physical harm alleged herein occurred.

Complaint - 1

2.      Defendant LOGAN RIVER ACADEMY, LLC, is also known as and doing business as MAPLE RISE ACADEMY.  Defendant Logan River Academy, LLC, Maple Rise Academy is a citizen of the State of Utah pursuant to 28 U.S.C.A. § 1332 (West).  Defendant is a corporation incorporated in the State of Utah, and has its principal place of business at 1683 South Highway 89/91 Logan, Utah 84321.

2.1     Megan Snow AKA Megan Berlin ("Perpetrator Snow") was at all times relevant a staff member of Logan River Academy, LLC / Maple Rise Academy.

2.2     Kelly Baum ("Kelly Baum") was at all times relevant a staff member and second lead of Logan River Academy, LLC / Maple Rise Academy.

2.3     Sau Pututau ("Pututau") was at all times relevant a staff member and female lead of Logan River Academy, LLC / Maple Rise Academy.

2.4     Tamra Johnson ("Johnson") was at all times relevant a staff member and female lead of Logan River Academy, LLC / Maple Rise Academy.

2.5     Kerri Rogers AKA Kerri Lawson ("Rogers") was at all times relevant a staff member of Logan River Academy, LLC / Maple Rise Academy.

2.6     Chris Baum ("Chris Baum") was at all times relevant a staff member and male lead of Logan River Academy, LLC / Maple Rise Academy.

2.7     Margaret Oak ("Oak") was at all times relevant a staff member and Plaintiff's clinician and therapist at Logan River Academy, LLC / Maple Rise Academy.

2.8     Kirk Farmer ("Farmer") was at all times relevant the principal of Logan River Academy, LLC / Maple Rise Academy.

2.9     Larry Carter ("Carter") was at all times relevant the executive director of Logan River Academy, LLC / Maple Rise Academy.

2.10    From approximately 2008 to 2009 the above listed Perpetrator Snow repeatedly sexually abused Plaintiff at Logan River Academy, LLC / Maple Rise Academy.  The staff members, administrative and executive staff either knew or should have known that the abuse was happening.

2.11    During the dates of abuse, the Perpetrator was assigned to, working at, and/or performing

services for Defendant Logan River Academy, LLC / Maple Rise Academy, and Does 1 through 11, and was under the direct supervision, employment and control of Defendant Logan River Academy, LLC / Maple Rise Academy and Does 1 through 11.

3.      The district court has original jurisdiction of this civil action in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the matter is between citizens of different States pursuant to 28 U.S.C.A. § 1332 (West).  A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C.A. § 1332 (West).  Defendant Logan River Academy, LLC / Maple Rise Academy is a citizen of the State of Utah pursuant to 28 U.S.C.A. § 1332 (West).  Defendant is a corporation incorporated in the State of Utah, and has its principal place of business at 1683 South Highway 89/91 Logan, Utah 84321.  Plaintiff Samantha Gerson is a citizen of the State of California.  Therefore, this district court has original jurisdiction over this civil action.

4.      Defendant Does 1 through 11, inclusive, are individuals and/or business or corporate entities incorporated in and/or doing business in Utah whose true names and capacities are unknown to Plaintiff who therefore sues such defendants by such fictitious names, and who will amend the Complaint to show the true names and capacities of each such Doe defendant when ascertained.  Each such Defendant Doe is legally responsible in some manner for the events, happenings and/or tortious and unlawful conduct that caused the injuries and damages alleged in this Complaint.  Defendant Logan River Academy, LLC / Maple Rise Academy and Does 1 through 11 are some times hereinafter referred to as the "Defendants."

5.      Each Defendant is the agent, servant and/or employee of other Defendants, and each Defendant was acting within the course and scope of his, her or its authority as an agent, servant and/or employee of the other Defendants.  Defendants, and each of them, are individuals, corporations, partnerships and other entities which engaged in, joined in and conspired with the other wrongdoers in carrying out the tortious and unlawful activities described in this Complaint, and Defendants, and each of them, ratified the acts of the other Defendants as described in this Complaint.

6.     Plaintiff is informed and believes, and on that basis alleges, that the Perpetrator, was at all times mentioned herein an agent, employee, or servant of the Defendants, and/or was under the jurisdiction and control of the Defendants.

7.     Plaintiff is informed and believes, and on that basis alleges, the Perpetrator molested and abused minor students, including Plaintiff, at Logan River Academy, LLC / Maple Rise Academy, and other treatment facilities for minors, owned, operated, and controlled by the Defendants.  The Plaintiff is informed and believes, and on that basis alleges, that Defendants were aware of, had notice of, and should have known of the molestations and sexual abuse by the Perpetrator.  For example, Plaintiff is informed and believes, and on that basis alleges, the following:

A.     That on or about October 15, 2008, staff members of Defendant Logan River Academy, LLC / Maple Rise Academy abducted and kidnapped Plaintiff from her high school under direct orders by the Defendants.  Plaintiff at the time of the abduction was attending Beverly Hills High School, 241 S Moreno Dr, Beverly Hills, CA 90212.

B.     Plaintiff arrived at school like any other day, and went straight to the locker room because she had physical education first period.  Plaintiff was almost finished changing into her gym clothes when a female security officer came into the locker room asking for Plaintiff.  Plaintiff explained that she was in fact said person.  The security guard asked Plaintiff to come with her to the front office.  Plaintiff asked why and the security guard told Plaintiff that Plaintiff was caught on camera stealing and the principal wanted to see Plaintiff.  Plaintiff explained to the security guard that there had to be a mistake because Plaintiff did not steal anything as she only just arrived at school.

C.     Because Plaintiff did not want to get in trouble and wanted to explain that there must have been a mistake, Plaintiff changed back into her school clothes and followed the security guard outside of the gym to the security guard's golf cart.  The security guard then drove Plaintiff to the front office where the principal's office was located.  Instead of escorting Plaintiff to the principal's office, the security guard took Plaintiff to a remote back office and left Plaintiff in the office alone.  A few minutes later, the door opened and two staff members of Logan

Academy – one very large man and a smaller muscular woman walked in and locked the door behind them.  Plaintiff screamed in terror.  The man and woman threatened Plaintiff if Plaintiff did not calm down.  Plaintiff in fear was gasping for air and asking what was happening.  The two staff members said, "This can go the easy way, or the hard way.  If you choose the hard way, we will have to handcuff you and that will be embarrassing when we walk out."  Plaintiff continually asked what was going to happen to her.  The two staff members replied they were taking Plaintiff to a residential in treatment facility center.  Plaintiff asked where, but the two staff members refused to tell her.  The two staff members confiscated Plaintiff's backpack, house keys, wallet and cell phone.  Plaintiff asked if she could write a letter to let the people she was living with know what was happening to her, but the staff members denied Plaintiff's request.

D.      The staff members for Logan River Academy then interlocked their arms with Plaintiff, demanded Plaintiff be quiet; keep her head down and walk directly to their car.  The staff members instructed Plaintiff that if she did not cooperate they would immediately handcuff Plaintiff.

E.      Plaintiff got into the backseat of the car and was locked in.  The staff members then told Plaintiff she was going to Logan River Academy in Utah and drove to Los Angeles International Airport.  At the airport the Plaintiff had to use the bathroom, and the female staff member went into the same stall as Plaintiff and watched her urinate.  On the airplane, Plaintiff sat in the middle seat between the female and male staff member and was told to remain silent.  Plaintiff had to use the bathroom on the airplane.  The female staff member escorted Plaintiff to the bathroom and instructed Plaintiff to remain quiet and keep her head down on the way to the bathroom.  The female staff member stood directly outside the door of the bathroom.  When Plaintiff left the bathroom, the female staff member immediately escorted Plaintiff back to her seat.

F.      When Plaintiff landed in Utah, the staff members drove Plaintiff to Logan River Academy, where she was immediately taken to a punishment room called "Devo."  The staff members took Plaintiff's clothes from her, forced her to get naked and shower in front of them.  Plaintiff was then assigned a number, which would later become the reference number she was

referred to at Logan River Academy.  Plaintiff remained in the punishment room for three

days before being assigned to a girl's unit.

G. Plaintiff was then assigned to Margaret Oak, a therapist at Logan River Academy.

H. Immediately, upon Plaintiff's arrival at Logan River Academy, staff member Perpetrator Snow took an unusual interest in Plaintiff.  Perpetrator Snow went out of her way to make Plaintiff feel special.  Perpetrator Snow would often take Plaintiff on walks around the yard, bring Plaintiff yarn to crotchet, pull Plaintiff out of class, and spent countless hours of one on one time with Plaintiff.  Perpetrator Snow was not Plaintiff's "lead" staff member or her "one on one" staff member.  To all other staff members there it was obvious that Perpetrator Snow should not have been pulling Plaintiff out of classes and spending all of her time with Plaintiff.

I. Staff members at Logan River Academy were aware of the unusual interest Perpetrator Snow took in Plaintiff.  For three to four months leading up to the sexual assault, Perpetrator Snow would engage in sexual petting and touching of Plaintiff including, but not limited to coming to Plaintiff's room on countless occasions and putting her hands on Plaintiff's leg and rubbing it in a sexual manner up to Plaintiff's inner thighs, rubbing Plaintiff's back in a sexual manner and touching Plaintiff's breasts in a sexual manner.  Perpetrator Snow engaged in long hugs of Plaintiff for sexual gratification and expressed her feelings for Plaintiff in front of other staff members at Logan River Academy.  In fact, Perpetrator Snow told Plaintiff that it was well known by staff members at Logan River Academy that the reason why Perpetrator Snow lost her job at her previous school was because she had a relationship with a minor student at that facility and was discharged for that conduct.

J. On one occasion, Plaintiff specifically provided notice to Logan River Academy staff members Lindsay and Kerri about Perpetrator Snow's feelings for Plaintiff and that Perpetrator Snow was "hooking up" with Plaintiff.  Staff member Lindsay's response to Plaintiff was that Plaintiff had a wild imagination.  On another occasion, Plaintiff asked staff member Kerri for advice about Perpetrator Snow.  Plaintiff knew staff member Kerri was gay.  As such, Plaintiff confided in Kerri to find out about Perpetrator Snow's interest in Plaintiff.  Plaintiff wanted advice on Perpetrator Snow.  Plaintiff asked staff member Kerri why she thought

Perpetrator Snow who was this gorgeous and beautiful woman was so interested in Plaintiff; why Perpetrator Snow was giving Plaintiff all this attention when Plaintiff was only 14 and a nerdy young girl.  Staff member Kerri confided in Plaintiff and told Plaintiff to be careful of Perpetrator Snow and to stay away from Perpetrator Snow; Perpetrator Snow had sexual relations with another girl at Red Rock Canyon School and was terminated from that job for her inappropriate conduct.

K.    On one occasion in particular, Perpetrator Snow and Plaintiff were rolling yarn together, which they often did.  Plaintiff asked Perpetrator Snow to come to Plaintiff's room to see the new yarn Plaintiff's mom had sent Plaintiff.  Plaintiff was excited to show Perpetrator Snow the yarn because it was black yarn something Plaintiff had never had before.  Perpetrator Snow came into Plaintiff's room where Plaintiff's roommate was taking her shower.  Perpetrator Snow informed Plaintiff's roommate that it was time for Plaintiff's roommate to leave the room and go back into the common area.

L.    At that time Perpetrator Snow and Plaintiff sat on Plaintiff's bed.  Plaintiff was showing off her yarn and the recent projects she was doing and at some point Perpetrator Snow came closer and began to kiss Plaintiff.  Perpetrator Snow kissed Plaintiff for a couple of minutes.  During that time Perpetrator Snow began touching and fondling Plaintiff's breasts, and at one point Perpetrator Snow slid her hand inside Plaintiff's pants and began touching Plaintiff's vagina, eventually penetrating Plaintiff's vagina with Perpetrator Snow's fingers.  This lasted for several minutes.  Sometime thereafter, Perpetrator Snow left Plaintiff's room.

M.    Employees and agents of Defendants were aware that Perpetrator Snow had an unusual interest in Plaintiff, and had frequent unsupervised contact with Plaintiff at Logan River Academy for extended periods of time.  The numerous times Perpetrator Snow was with Plaintiff, when Perpetrator Snow was not her lead staff member, should have made Defendants question the circumstances and motivation of Perpetrator Snow's contact with Plaintiff.  Plaintiff was a minor girl, who was young, impressionable and particularly vulnerable to the abuse and molestation by Perpetrator Snow.

8.    The sexual abuse and exploitation of Plaintiff and the circumstances under which it

occurred caused Plaintiff to develop various psychological coping mechanisms and physiological injuries as a result of the child sexual abuse.

9.      Plaintiff is further informed and believes, and on that basis alleges, that even though the Defendants knew or should have known that Perpetrator Snow was molesting and sexually abusing Plaintiff, and even though the Defendants had actual and constructive knowledge of the abuse, the Defendants covered up the molestation and sexual abuse by Perpetrator Snow by threatening Plaintiff to not speak of the abuse.  The Defendants continued to hold Perpetrator Snow out as staff member who could be trusted with minors including Plaintiff.  And the Defendants continued to allow Perpetrator Snow to work with minors including Plaintiff on a daily basis, failing to supervise and/or monitor Perpetrator Snow to ensure that she was not molesting and sexually abusing Plaintiff.

**Perpetrator Snow's Child Sexual Abuse of Samantha Gerson**

10.      During the time that Perpetrator Snow was working for and employed by the Defendant, Perpetrator Snow sexually abused and molested Plaintiff Samantha Gerson from on or about October 2008 to April 2008 when Plaintiff was a minor.  The acts of sexual abuse and molestation included, but was not limited to, hugging, rubbing and massaging in sexual manner, fondling of minor's genitalia over the clothes, rubbing or massaging of minor's body over clothes, simulated intercourse of minor over clothes, rubbing and massaging of minor's breasts skin to skin, rubbing and massaging of minor's body skin to skin, fondling of minor's genitalia skin to skin, masturbation of minor skin to skin, and digital penetration of minor's vagina.

11.      As a direct result of the wrongful conduct alleged herein, Plaintiff suffered, and continues to suffer, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and continues to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

///

## FIRST CAUSE OF ACTION

### (Childhood Sexual Abuse - Cal. Civ. Proc. Code § 340.1 (West 2003))

### (Against All Defendants)

12.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

13.     The Perpetrator engaged in unpermitted, harmful and offensive conduct and contact upon the person of Plaintiff in violation of Cal. Civ. Proc. Code § 340.1 (West 2003).  Said conduct was undertaken while the Perpetrator was an employee, volunteer, representative, or agent of Defendants while in the course and scope of employment with Defendants.

14.     Prior to or during the abuse alleged above, Defendants knew, had reason to know, or were otherwise on notice of unlawful sexual conduct by the Perpetrator.  Defendants failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of unlawful sexual conduct and physical contact in the future by the Perpetrator, including, but not limited to, preventing or avoiding placement of the Perpetrator in functions or environments in which contact with children was an inherent part of those functions or environments.  Furthermore, at no time during the periods of time alleged did Defendants have in place a system or procedure to supervise and/or monitor employees, volunteers, representatives, or agents to insure that they did not molest or sexually abuse minors in Defendants' care, including the Plaintiff.

15.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## SECOND CAUSE OF ACTION

### (Negligence)

### (Against All Defendants)

16.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

17.     Defendants had a duty to protect the minor Plaintiff when Plaintiff was entrusted to their care.  Plaintiff's care, welfare, and/or physical custody were temporarily entrusted to Defendants. Defendants voluntarily accepted the entrusted care of Plaintiff.  As such, Defendants owed Plaintiff, and all minor children, a special duty of care, in addition to a duty of ordinary care, and owed Plaintiff the higher duty of care that adults dealing with children owe to protect them from harm.

18.     Defendants, by and through their agents, servants and employees, knew or reasonably should have known of the Perpetrator's dangerous and exploitive propensities and/or that the Perpetrator was an unfit agent.  It was foreseeable that if Defendants did not adequately exercise or provide the duty of care owed to children in their care, including but not limited to the Plaintiff, the children entrusted to Defendants' care would be vulnerable to sexual abuse by the Perpetrator.

19.     Defendants breached their duty of care to the minor Plaintiff by allowing the Perpetrator to come into contact with the minor Plaintiff without supervision; by failing to adequately hire, supervise, or retain the Perpetrator who they permitted and enabled to have access to the Plaintiff; by failing to investigate or otherwise confirm or deny such facts about the Perpetrator; by failing to tell or concealing from Plaintiff, Plaintiff's parents, guardians, or law enforcement officials that the Perpetrator was or may have been sexually abusing minors; by failing to tell or concealing from Plaintiff's parents, guardians, or law enforcement officials that the Plaintiff was or may have been sexually abused after Defendants knew or had reason to know that the Perpetrator may have sexually abused the Plaintiff, thereby enabling Plaintiff to continue to be endangered and sexually abused, and/or creating the circumstance where the Plaintiff was less likely to receive medical/mental health care and treatment, thus exacerbating the harm done to the Plaintiff; and/or by holding out the Perpetrator to the Plaintiff and her parents or guardians as being in good standing and trustworthy.

20.     As a result of the above-described conduct, the Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of

enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### THIRD CAUSE OF ACTION

### (Negligent Supervision/Failure to Warn)

### (Against All Defendants)

21.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

22.     Defendants had a duty to provide reasonable supervision of the Perpetrator; to use reasonable care in investigating the Perpetrator; and to provide adequate warning to the Plaintiff, the Plaintiff's family, and minor students, of the Perpetrator's dangerous propensities and unfitness.

23.     Defendants, by and through their agents, servants and employees, knew or reasonably should have known of the Perpetrator's dangerous and exploitive propensities and/or that the Perpetrator was an unfit agent.  Despite such knowledge, Defendants negligently failed to supervise the Perpetrator in the position of trust and authority as staff member, disciplinarian, house or residential staff, counselor, school administrator, schoolteacher, emotional mentor, and/or other authority figure, where such Perpetrator was able to commit the wrongful acts against the Plaintiff.  Defendants failed to provide reasonable supervision of the Perpetrator, failed to use reasonable care in investigating the Perpetrator, and failed to provide adequate warning to Plaintiff and Plaintiff's family of the Perpetrator's dangerous propensities and unfitness.  Defendants further failed to take reasonable measures to prevent future sexual abuse.

24.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for

medical and psychological treatment, therapy, and counseling.

## FOURTH CAUSE OF ACTION

### (Negligent Hiring/Retention)

### (Against All Defendants)

25.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

26.     Defendants had a duty to not hire and/or retain the Perpetrator, and other employees, agents, volunteers, and other representatives, given the Perpetrator's dangerous and exploitive propensities.

27.     Defendants, by and through their agents, servants and employees, knew or reasonably should have known of the Perpetrator's dangerous and exploitive propensities and/or that the Perpetrator was an unfit agent.  Despite such knowledge, Defendants negligently hired and/or retained the Perpetrator in the position of trust and authority as staff member, disciplinarian, house or residential staff, counselor, school administrator, schoolteacher, emotional mentor, and/or other authority figure, where such Perpetrator was able to commit the wrongful acts against the Plaintiff.  Defendants failed to use reasonable care in investigating the Perpetrator and failed to provide adequate warning to the Plaintiff and the Plaintiff's family of the Perpetrator's dangerous propensities and unfitness.  Defendants further failed to take reasonable measures to prevent future sexual abuse.

28.     As a result of the above-described conduct, the Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

///

///

///

**FIFTH CAUSE OF ACTION**

**(Negligent Failure to Warn, Train, or Educate Plaintiff)**

**(Against All Defendants)**

29.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

30.     Defendants breached their duty to take reasonable protective measures to protect the Plaintiff and other minor students from the risk of childhood sexual abuse by the Perpetrator, such as the failure to properly warn, train, or educate the Plaintiff and other minor students about how to avoid such a risk, pursuant to <u>Juarez v. Boy Scouts of America, Inc.</u>, 81 Cal. App. 4th 377 (2000).

31.     As a result of the above-described conduct, the Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**SIXTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

**(Against All Defendants)**

32.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

33.     Defendants' conduct was extreme and outrageous and was intentional or done recklessly.

34.     As a result of Defendants' conduct, the Plaintiff experienced and continues to experience severe emotional distress resulting in bodily harm.

35.     As a result of the above-described conduct, the Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss

of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**SEVENTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress)**

**(Against All Defendants)**

36.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

37.    As described above, Defendants conduct was grossly negligent, and constituted an aggravated or magnified failure to use that care which a reasonable person would use to avoid injury to other people.

38.    As a result of Defendants' gross negligence, Plaintiff has suffered serious emotional distress.

39.    The serious emotional distress suffered by Plaintiff is such that a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of this case.

40.    Defendants' breach of duty and gross negligence was the legal cause and proximate cause of the serious emotional distress suffered by Plaintiff.

41.    As a direct result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer spiritually; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**EIGHTH CAUSE OF ACTION**

**(Punitive Damages)**

**(Against All Defendants)**

42.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

43.    By reason of the above alleged acts, omissions, or conduct, Defendants acted willfully, wantonly, oppressively, and/or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, and/or with willful misconduct and/or that entire want of care that would raise a presumption of conscious indifference to the consequences of their conduct. Defendants are therefore liable to Plaintiff for punitive damages in amounts to be determined at trial.  In addition, Plaintiff has a statutory right to seek punitive damages for the aforesaid violations.

WHEREFORE, Plaintiff prays for damages; costs; interest; attorneys' fees; statutory/civil penalties according to law; and such other relief as the court deems appropriate and just.

JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated:  June 9, 2019                              /s/Michele M. Betti
                                                  Michele M. Betti, Esq.
                                                  Law Offices Of Betti & Associates
                                                  Attorneys for Plaintiff
                                                  Samantha Gerson