# United States District Court
# Central District of California

| | |
|---|---|
| SAMANTHA GERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LOGAN RIVER ACADEMY, et al.,<br><br>　　　　　Defendants. | Case № 2:19-cv-05008-ODW (JPRx)<br><br>**ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS AS MOOT [11]** |

## I. INTRODUCTION

Presently before the Court is Defendant Logan River Academy dba Maple Rise Academy's ("Logan") Motion to Dismiss or Transfer Venue to the District of Utah ("Motion") (ECF No. 11). For the following reasons, the Court **GRANTS** Defendant's Motion to Transfer Venue to the United States District Court for the District of Utah.[1] Accordingly, Defendant's motion to dismiss this action is **DENIED as MOOT**.

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiff Samantha Gerson ("Gerson") is a 25-year-old California state resident. (Compl. ¶ 1, ECF No. 1.) Logan is a corporation incorporated in Utah with its principal place of business in Logan, Utah. (Compl. ¶ 2.) On June 9, 2019, Gerson filed her complaint against Logan alleging eight causes of action: (1) childhood sexual abuse; (2) negligence; (3) negligent supervision; (4) negligent hiring/retention; (5) negligent failure to warn, train, or educate plaintiff; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) punitive damages. (*See* Compl. ¶¶ 12–43.) Gerson's claims are based on the allegations that staff members of Logan abducted her when she was 14 years old, transported her from California to Maple Rise Academy located in Utah, and subjected her to sexual abuse at the academy. (Compl. ¶¶ 1, 7–11.) Gerson alleges that, from 2008 to 2009, Megan Snow ("Snow") repeatedly sexually abused her at the academy. (Compl. ¶¶ 2.10–2.11.) Gerson also identifies eight other employees who worked at the academy who knew or should have known that Snow was sexually abusing Gerson. (Compl. ¶¶ 2.2–2.11.) Gerson alleges that each instance of sexual abuse occurred in Utah, where the academy is located. (*See* Compl. ¶¶ 2, 10.)

On July 18, 2019, Logan moved to dismiss under Federal Rule 12(b)(6) or transfer this action pursuant to 28 U.S.C. § 1404(a). (*See generally* Mot.) Gerson opposes the Motion. (Pl.'s Opp'n to Mot. ("Opp'n"), ECF No. 15.) The Court now considers whether transfer is proper before addressing Logan's request to dismiss.

## III. LEGAL STANDARD

A district court may transfer an action to any district or division "where it might have been brought" to promote the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Section 1404(a) "gives a district court broad discretion to transfer a case to another district where venue is also proper." *Amini Innovation Corp. v. JS Imp., Inc.*, 497 F. Supp. 2d 1093, 1108 (C.D. Cal. 2007); *see also Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.

1979) ("Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.").

## IV. DISCUSSION

To transfer this case to the District of Utah, the Court must find: 1) the transferee court is one where the action might have been brought, and 2) the parties' and witnesses' conveniences, as well as the interest of justice, favor transfer. *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1145 (2009); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

### A. THE TRANSFEREE COURT IS ONE WHERE THE ACTION "MIGHT HAVE BEEN BROUGHT"

Transferring pursuant to § 1404(a) requires "demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought." *Metz*, 674 F. Supp. 2d at 1145. Here, subject matter jurisdiction exists because the matter in controversy exceeds $75,000, and the matter is between citizens of different states. *See* 28 U.S.C. § 1332; (Compl. ¶ 3). Personal jurisdiction is also proper because Logan is incorporated and has its principal place of business in Utah. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (1990); (*see also* Compl. ¶ 2). Lastly, venue is proper in the District of Utah because both parties assert that a substantial part of the events giving rise to this action occurred there. (Mot. 3; Compl. ¶ 7; Decl. of Samantha Gerson ("Gerson Decl.") ¶ 2, ECF No. 15-1.) Accordingly, Gerson could have brought this action in the District of Utah.

### B. CONVENIENCE AND INTEREST OF JUSTICE

As the District of Utah is a proper venue, the decision to transfer turns on the convenience of parties and witnesses, and the interest of justice. *See Young Props. Corp. v. United Equity Corp.*, 534 F.2d 847, 852 (9th Cir. 1976). Once the court determines that venue is proper, the movant must present strong grounds for transferring the action; otherwise, the plaintiff's choice of venue will not be disturbed.

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The Ninth Circuit has noted that, in making the decision, a court may consider factors such as:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

Gerson brings tort claims, not contract claims; therefore, the first factor is not at issue. Additionally, it is unsettled whether this matter is governed by California state-law or Utah state-law, and accordingly, the second factor does not weigh in favor of either Gerson or Logan. The Court now turns to the remaining pertinent factors.

### 1. Convenience of the Witnesses

"In determining whether this factor weighs in favor of transfer, the court must consider not simply how many witnesses each side has and the location of each, but, rather, the court must consider the importance of the witnesses." *Fontaine v. Wash. Mut. Bank, Inc.*, No. CV 08-5659-PSG (Ex), 2009 WL 1202886, at *3 (C.D. Cal. Apr. 30, 2009). Gerson lists several non-party witnesses in her declaration; however, the Court can not readily ascertain the importance of each witness because the declaration generally states "located in Los Angeles County. Attests to damages and abuse sustained at Logan River Academy." (*See* Gerson Decl. ¶ 7.) From the face of the complaint, the Court finds that most of the witnesses, students, and employees that would clearly have knowledge of the alleged sexual abuse reside in Utah. *Fontaine*, 2009 WL 1202886, at *4 (transfer is favored when a majority of the material witnesses who would provide the most meaningful testimony reside in the forum); (*See* Compl. ¶¶ 2, 7–8). Therefore, the Court finds that the majority of the material

witnesses who would provide the most meaningful testimony reside in Utah. For this reason, the Court finds that this factor weighs in favor of transfer.

   2.   *Plaintiff's Choice of Forum*

As Gerson is a resident of California, her choice of forum is conferred substantial weight pursuant to 28 U.S.C. section 1404(a). *Safarian v. Maserati N. Am., Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008). However, "deference to the plaintiff's choice of forum is diminished if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum." *Catch Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP AJWx, 2006 WL 4568799, at *2 (C.D. Cal. Feb. 27, 2006).

Although Gerson was kidnapped from California and transported to Utah, each of her claims stem from the alleged sexual child abuse that took place at Logan's academy. (*See* Compl.) Accordingly, the operative facts did not substantially occur in the forum selected by Gerson. Moreover, because Gerson was sexually abused in Utah, the subject matter of the litigation is not substantially connected to California. (Compl. ¶ 7.) Therefore, the Court finds that Gerson's choice of forum is diminished and is entitled to only minimal consideration. *See Harris v. LSP Prod. Grp., Inc.*, No. 18-cv-3091-FMO (AGRx), 2018 WL 6264993, at *2 (C.D. Cal. Nov. 13, 2018) (citing *Chesapeake Climate Action Network v. Exp.-Imp. Bank of the U.S.*, 2013 WL 6057824, *2 (N.D. Cal. 2013) ("noting that deference to plaintiff's choice of forum is substantially reduced where the forum lacks a significant connection to the activities alleged in the complaint . . . even if the plaintiff is a resident of the forum") (alteration in original)).

   3.   *The Respective Parties' Contacts with the Forum*

In evaluating a motion to transfer, a court also considers "the respective parties'

contacts with the forum, [and] the contacts relating to the plaintiff's cause of action in the chosen forum." *Jones*, 211 F.3d at 498. Here, Gerson is a California resident, whereas Logan is incorporated and has its principal place of business in Utah. (Compl. ¶¶ 1–3.) Furthermore, Gerson names nine other Logan employees, including Snow, who were employed at the academy in Utah. (Compl. ¶¶ 2–2.11.) Gerson's pleadings do not establish any connection between California and the nine named employees. Additionally, Gerson alleges in her opposition that Logan "advertises in California through the internet, brochures, pamphlets and other printed materials about its facility," and "derives economic benefit from activities in California." (Opp'n 17–18.) However, the only support Gerson provides is her declaration and an exhibit demonstrating that Logan is listed on the California Department of Education website as an Out-of-State academy. (Gerson Decl. ¶ 4, Ex. 1.) Without more, the Court finds that Logan's connection with California is limited. Therefore, this factor favors transfer.

        4.       *The Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum*

Gerson alleges that each instance of sexual child abuse occurred in Utah. (*See* Compl.) Furthermore, from the face of the complaint, each cause of action arises from the sexual abuse Snow perpetrated against Gerson. (*See* Compl.) Consequently, the Court finds that the initial acts of sexual child abuse occurred in Utah and not California.[2] Accordingly, the Court finds that Gerson's claims substantially arise from the events that occurred in Utah, where the alleged sexual abuse occurred. Therefore, this factor weighs in favor of transfer.

---

[2] Even if the sexual abuse initially occurred in California, the Court could not evaluate the acts of abuse *en masse* as Gerson asks this Court to do. *See Doe v. Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, No. 1:09-CV-351-BLW, 2010 WL 11655548, at *3 (D. Idaho Aug. 12, 2010) (acts of abuse that occur in separate states are not evaluated in *en masse*) (citing *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1188 (9th Cir. 2001) (applying identical choice of law standard under California law, which requires that choice of law be separately analyzed as to each claim).

### 5. The Differences in the Costs of Litigation in the Two Forums

In deciding whether to transfer, courts must be careful to avoid a transfer that "would merely shift rather than eliminate" the inconvenience of costs. *Decker Coal*, 805 F.2d at 843. In this case, transfer would decrease Logan's litigation costs, but it might increase Plaintiff's costs to the same extent. (*See* Opp'n 18–19.) However, "corporations are better-equipped than individuals to absorb increased litigation costs." *Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10-cv-04568-LHK, 2011 WL 768735, at *6 (N.D. Cal. Feb. 28, 2011). Accordingly, the Court concludes that this factor is neutral and does not weigh in favor of transfer. *See Decker Coal*, 805 F.2d at 843; *Shultz*, 2011 WL 768735, at *6–7.

### 6. The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

Here, it is unknown whether a majority of material witnesses are or are not still employed by Logan and still live in Utah, where the majority of the operative facts occurred. Although compulsory process exists to compel Utah witnesses to testify, however, "the Court's subpoena power only extends outside of the district if the places of service within 100 miles of the place specified for the deposition, hearing, trial, production or inspection." *Fontaine*, 2009 WL 1202886, at *5 (citing Fed. R. Civ. P. 45(b)(2)). Thus, if the case remains in California, there is a greater chance that material non-party Utah witnesses may be outside the Court's subpoena power. *Id*. This concern is greatly minimized if the action is transferred to the District of Utah. Therefore, this factor weighs in favor of transfer.

### 7. The Ease of Access to Sources of Proof

The "ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *Metz*, 674 F. Supp. 2d at 1149. However, Logan contends that nearly all of the documents that are relevant to this matter are located in Utah. (Reply 7.) Accordingly, the District of Utah provides quick and easy access to

the documents and other physical evidence necessary to defend this action. *Am. Trading Int'l, Inc. v. MCF Operating, LLC*, No. CV 19-5851-JFW (PLAx), 2019 WL 6139113, at *3 (C.D. Cal. Sept. 24, 2019) (favoring transfer in part because the venue provided quick and easy access to the documents and other physical evidence.) Although not weighing heavily, this factor favors transfer.

Courts are "not restricted to mechanically counting the factors" when deciding motions to transfer. *See Ancora Techs. v. Toshiba Am. Info. Sys.*, No. SACV 08-0626 AG (MLGx), 2009 WL 10670590, at *4 (C.D. Cal. Feb. 27, 2009). Instead, courts may look at convenience and justice more holistically. *Id*. Applying a holistic view, under the present record, this case has more to do with Utah than California. The allegations of sexual child abuse, which extend the life of all of Gerson's causes of actions, all occurred at Logan in Utah. Certainly, the state of Utah has a greater interest than California in the operation of Logan's academy and whether Logan's employees are perpetrating sexual child abuse in the state of Utah.

Therefore, the Court **GRANTS** Logan's motion to **TRANSFER** the matter to the District of Utah. (ECF No. 11.)

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Logan's motion to transfer and **TRANSFERS** the matter to the District of Utah. (ECF No. 11.) Accordingly, the Clerk of Court shall **TRANSFER** the action to the United States District Court, District of Utah, 351 S. W. Temple, Salt Lake City, UT 84101. Logan's Motion to Dismiss is **DENIED** as moot in light of the Court's order to transfer.

**IT IS SO ORDERED.**

January 29, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**